Per Curiam.

The first question raised is whether this is an original writ, within the meaning of the statute of 1784, e. 28. According to the English hooks of practice it would not be considered as an original writ; but this designation has m England a technical meaning, which it would not be safe to adopt in giving a construction to our statute. It was contended at the bar, that a scire facias is an original writ, where a new party is brought into court, and there is some force in the argument. In the case, however, of Dearborn v. Dearborn, 15 Mass. R. 316, the Court decided that a scire facias against bail is not to be considered a new suit, but only a further step in the original action ; and the attorney was held responsible for neglecting to sue out such a writ, without waiting for fresh directions from his client.*
*69 But it is unnecessary to determine whether the scire facias in the present case was an original or a judicial writ, for we are satisfied that the indorsement was sufficient, considering it as an original writ. It was argued that the provision requiring the Christian and surname to be indorsed, does not apply to an indorsement by an attorney ; we do not, however, proceed upon that ground. But we think the statute is remedial, and ought to 1 ave a reasonable and liberal construction to carry into effect its beneficial design, and conformably to such construction and to the intent of the statute, this writ is indorsed with the Christian and surname of the attorney. There may be cases where a plaintiff has no Christian and surname, as where the only name is Houqua, Ctesar, &c. But still the intent of the statute might be carried into effect. We think that a reference to the provincial statutes will go far to show what this intent of the existing statute was. The statute of 1715 (Anc. Chart. 406,) is entitled ££ an act to prevent causeless arrests, &c.,” and it provides that every person, principal or attorney, executor or administrator, taking out a writ of attachment, shall indorse his surname on the back thereof and shall be liable to pay the adverse party his costs, in case judgment passes against the plaintiff, if the principal should be without the province or unable to pay the same. The statute of 1728 (Anc. Chart. 466,) after reciting in the preamble the provision of the previous statute, and that in cases where there were several plaintiffs the writ had sometimes been abated because all the plaintiffs had not indorsed it, nor their attorney in their names and behalf, whereby there had been a failure of justice, whereas the design of the law was only to secure the costs in case of non-prosecution, &c. for redress thereof, enacts, that when a writ of attachment shall be taken out at the suit of more than one person, the indorsement of one of the plaintiffs or his attorney shall be sufficient, as well to oblige the defendant to answer, as the indorser to pay the cost, in case of a judgment' for the defendant. This shows that the real intent and design of the statute in requiring an indorser, was to *70 afford a security to the defendant for his costs in case of the failure of the suit. The revised statute of 1784 adopts the principles of the former acts, but varies the mode of indorsing. The Christian name is required to be put on the writ more precisely to designate the person, and thereby afford a better security to the defendant, as the surname alone would leave it doubtful. This provision, requiring an indorsement by the plaintiffs, or one of them, with his Christian and surname, was inserted in contradistinction to the provincial statute, which required an indorsement with the surname only. But the statute does not require an indorsement of the name' in full, or designate how it shall be indorsed by abbreviation, initial letter or otherwise. This is left to the general rules of the common law, and any mode of signing the Christian and surname, wffich binds the party to a bond or note, is sufficient to satisfy the requisition of the statute. All such modes therefore of abbreviation as are warranted by custom, as “ Jno.” for “ John,” “ Bart.” for “ Bartholomew,” or expressing one or more Christian names by initial letters, which have long been considered as sufficient and binding signatures to obligations, we thirk are sufficient indorsements under this statute.
In the case of Chadwick v. Upton, 3 Pick. 442, the writ was indorsed “ Ebenezer Chadwick by A. Peabody his Atty.”, and the Court held that Peabody was not a competent witness in the cause; thereby deciding,' in effect, that he was liable to costs. The point of sufficiency of the indorsement was not made in that case ; but it is obvious that if it could have been successfully taken, it would have been an answer to the objection.[1]
Respondeas ouster.

 This subject has since been regulated by an act requiring not only writs *69 of scire facias, but various writs, petitions and processes to be indorsed. St. 1833. c. 50, § 2

 See Rev. Stat c. 90, § 10; M‘Gee v. Barber, 14 Pick. 212; Robbins v. Hill, 12 Pick. 569; Davis v. McArthur, 3 Greenl. 27; Strout v. Bradbury, 5 Greenl. 313; Harmon v. Watson, 8 Greenl. 286; How v. Codman, 4 Greenl. 82, note; Rowe v. Truitt, 2 Shepley, 393; Stevens v. Getchell, 2 Fairf. 443, Skillings v. Boyd, 1 Fairf. 43.